UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LEROY RHODES** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 23-4398** |
| **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** | * | **SECTION L** |

## ORDER & REASONS

Before the Court is Defendant Allstate Vehicle and Property Insurance Company's ("Allstate") 12(b)(6) Motion to Dismiss for Failure to State a Claim. R. Doc. 13. Plaintiff Leroy Rhodes ("Rhodes") has not filed any opposition. Having considered the briefing and the applicable law, the Court rules as follows.

### I. BACKGROUND

This case arises from alleged damage to Rhodes's home located in Houma, Louisiana, caused by Hurricane Ida on August 29, 2021. Doc. 1 at 2-3. At that time, had a homeowners policy issued by Allstate covering the property, and that insurance policy was in full force and effect at the time of Ida's landfall. *Id.* Rhodes alleges that his property incurred significant damage as a result of Ida and that he notified Allstate of this loss, following which Allstate conducted an inspection. *Id.* at 4. Rhodes alleges that the inspector omitted various damages from his report and undervalued the damages he did include Id. Rhodes claims that he hired separate contractors and adjusters to assess damages and that they found the property to require much more extensive repairs than was valued by Allstate. *Id.* at 4-5.

Rhodes sued Allstate in federal court claiming diversity jurisdiction because he is domiciled in Louisiana, he asserts that Allstate is not domiciled in Louisiana, and damages exceed

$75,000. *Id.* at 1. Rhodes asserts two causes of action: (1) breach of insurance contract; and (2) bad faith damages for violations of La. R.S. § 22:1892 and § 22:1973. *Id.* at 6-7. He argues that Allstate is liable for breach of contract by failing to compensate him under the policy and that Allstate violated La. R.S. § 22:1892 and § 22:1973, two Louisiana statutes that penalize insurers for undue delay in tendering owed funds. *Id.* Allstate responded by filing the instant 12(b)(6) Motion to Dismiss for Failure to State a Claim. R. Doc. 13.

## II. PRESENT MOTION

Allstate argues that the homeowner's policy it issued to Rhodes excludes damage from wind and hail and that the damages he claims from Ida fall under this exclusion, therefore as a matter of law, Rhodes cannot state a claim upon which relief can be granted and the Court should dismiss his complaint with prejudice. R. Doc. 13 Allstate points out that Rhodes obtained a separate wind and hail policy through a different insurer, not a party to this lawsuit, and that the policy exclusion in the Allstate policy clearly applies to the damages at issue. *Id.* The exclusion at issue is contained in the policy endorsement and reads as follows: "In Losses We Do Not Cover Under Coverages A and B, under paragraph A, the following item is added: Windstorm or hail." R. Doc. 13-3 at 24. The paragraph A referenced is a general exclusionary paragraph under which certain "excluded events, perils or conditions" are listed. *See id.* at 33.

## III. APPLICABLE LAW

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). "Factual allegations must be enough to

raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. A claim is plausible on its face when the plaintiff has pled facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 570. Although a court must liberally construe the complaint in light most favorable to the plaintiff, accept the plaintiff's allegations as true, and draw all reasonable inferences in favor of the plaintiff, *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996), courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.*" Arias-Benn v. State Farm Fire & Cas. Co.*, 495 F.3d 228, 230 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

## IV.   ANALYSIS

The Allstate policy's exclusion for wind and hail damage is clear and unambiguous. The exclusion applies to bar coverage for the damages Rhodes alleges in his complaint. Without any opposition or argument to the contrary, the Court must find for Allstate. Accordingly, Allstate's 12(b)(6) Motion to Dismiss, R. Doc. 13, is **GRANTED**.

New Orleans, Louisiana, this 22nd day of March, 2024.

_____
United States District Judge